**Minnie Moore, Appellee, v. Abraham F. Botto et al., Appellants.**

## Gen. No. 15,378.

1.  WORDS AND PHRASES—*"heir" defined.* The word "heir" imports succession to property by death, and in common speech is frequently used to designate one who succeeds to any kind of property on the death of the owner.

2.  STATUTORY LAW—*upon .incompetency of parties in interest.* The word "heir" in the statute on evidence was intended to have a broad signification, so as to mean the heir at law in relation to real estate, and those persons who are entitled under the statute of descent, in relation to personal estate.

3.  EVIDENCE—*when testimony of agent does not disqualify party in interest.* In an action where one of the parties sues or defends in a representative capacity, it is only where an agent testifies to a transaction or conversation between such agent and the opposite party that such party may testify concerning the same conversation or transaction.

4.  PLEADING—*what essential to deny execution.* In order to put in issue the execution of notes in suit, the defendant must deny their execution under oath; a plea of *non assumpsit*, therefore, is sufficient, but a special plea which does not deny execution, though

verified, is insufficient to require proof of execution by the plaintiff in the action.

Judgment by confession. Appeal from the Circuit Court of Cook county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 3, 1911.

**Statement by the Court.** Plaintiff took judgment by confession for $3,091.17 against defendants on two promissory notes purporting to have been made by defendants, one for $1,500, dated April 10, 1902, due March 28, 1906, with interest at six per cent per annum from date; the other for $1,000, dated February 2, 1903, payable three years and six months after date, with interest at five per cent per annum. The first note was payable to the order of James H. Moore and was endorsed: "Pay to the order of Minnie Moore. Estate of James H. Moore, deceased, by Minnie Moore, administratrix." The second note was payable to the order of A. F. Botto, was endorsed by him, by James H. Moore, and also bore the same endorsement as the first note. An order was entered in the cause, giving the defendants leave to plead, the judgment to stand as security. The defendants filed three pleas: the first, *non assumpsit;* the second, that the supposed promises, etc., were made upon consideration of money won by the payee, James H. Moore, by gaming, etc.; the third, that the supposed promises, etc., were made upon the consideration of money won by plaintiff's assignor from the defendants by gaming, etc. Issues were made and joined on the pleas. The plaintiff then filed additional counts, to which the defendants filed pleas in substance the same as those filed to the original counts, and on such pleas issues were made and joined. The cause was submitted to a jury and a verdict returned finding the issues for the plaintiff and assessing plaintiff's damages at $2,100. Defendants' motion for a new trial was denied and judgment entered that as to the sum of $2,100, the judgment there-

tofore entered stand in full force; that plaintiff have execution for said sum with interest from the date of the rendition of the judgment, and that on payment of said sum, interest and costs, the said judgment be satisfied, etc. From this judgment the defendants prosecute this appeal.

JULIUS LIMBACH, for appellants.

STEELE & THOMPSON, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

It is clear that the jury found for the defendants as to the $1,000 note, and for the plaintiff as to the $1,500 note, for the damages assessed by the jury is the face of that note, with interest according to its terms up to the date of the trial. We shall therefore consider only the question whether the judgment as to the $1,500 note is proper.

James H. Moore, the payee of said $1,500 note, died intestate, leaving the plaintiff, his widow, but no child or descendants of a child, and under the statute all of his personal estate, after the payment of debts, descended to the plaintiff. By an amendment to her declaration plaintiff alleged that she was the sole heir and distributee of the estate of James H. Moore, and received said notes as her distributive share of said estate from his administratrix.

The trial court refused to permit the defendants to testify to matters occurring during the lifetime of James H. Moore. The statute provides that no party shall testify as to such matters where the adverse party sues or defends, "as the executor, administrator, heir, legatee or devisee of any deceased person." The contention of appellants is that the word "heir" in this statute does not include the plaintiff. The note in question descended to plaintiff under the statute of

descent.  If it had been given to her by the will of her husband, clearly the action on it would be one in which she sued as legatee of her deceased husband, and in that case the defendants could not testify in their own behalf.  If the word "heir" in the statute on evidence is to be given the meaning which it bears at common law, as the person entitled to succeed to real estate in case of intestacy, then where a plaintiff sues as an heir of real estate, or as a legatee of personal estate, an adverse party cannot testify; but if the subject-matter of the action is personal estate, which descended to the plaintiff under the statute, an adverse party may testify.  The word "heir" imports succession to property by death, and in common speech is frequently used to designate one who succeeds to any kind of property on the death of the owner.  The word is so used in judicial decisions.  In Sturgis v. Ewing, 18 Ill. 176, 181, Judge Caton said: "By the forty-sixth Section of the Statute of Wills, the widow of an intestate who dies, leaving no child or the descendants of a child, is made the *heir* of her deceased husband, and as such is entitled to receive one-half of all his real and personal estate after the payment of his debts."  In Cross v. Carey, 25 Ill. 461, where all of the personal estate of her deceased husband descended to the widow under the Statute of Wills, Judge Walker called the widow, "the heir of her husband." We think that the word "heir" in the statute on evidence was intended to have a broader signification, so as to mean the heir at law in relation to real estate, and those persons who are entitled under the statute of descents, in relation to the personal estate; that the plaintiff sued in this case as the "heir" of her deceased husband, within the meaning of the word as used in the statute on evidence, and therefore that the testimony of the defendants was properly excluded.

Percival Steele testified that James H. Moore was his client, and further testified as to acts and conversa-

tions between Moore and defendants occurring at the time of the execution of the $1,500 note. He did not testify to any act or conversation occurring between himself and the defendants or either of them. The contention is that the defendants were competent to testify under the following provision of the statute: "When in such action, suit or proceeding, any agent of any deceased person shall, in behalf of any person or persons suing or being sued in either of the capacities above named, testify to any conversation or transaction between such agent and the opposite party or party in interest, such opposite party or party in interest may testify concerning the same conversation or transaction." The testimony of Steele does not bring the case within either the reason or letter of the statute. It is only where an agent testifies to a transaction or conversation between such agent and the opposite party, that such party may testify concerning the same conversation or transaction. Here Steele testified to no transaction or conversation between himself and the defendants, but only to a transaction and conversation between his deceased principal, Moore, and the defendants, and the trial court properly held that the defendants were not, by the statute, made competent to testify to such transaction or conversation.

With the original declaration and with the additional counts were filed copies of the notes sued on. To the original declaration the defendants filed as a first plea, *non assumpsit* and two special pleas. Following the last special plea is the following affidavit:

"On this ——— day of December, A. D. 1905, before me personally appeared Abraham F. Botto and Katie Botto and made oath that they have read the above plea subscribed by them, and that they know the contents thereof, and that the same is true of their own knowledge, except as to the matters which are therein stated to be on their information and belief, and as to those matters they believe them to be true."

The only affidavit filed with the pleas to the additional counts is an affidavit that the defendants verily believe that they have a good defense to the suit on the merits. The only pleas denying the execution of the notes sued on are the two pleas of *non assumpsit,* and neither of those pleas is verified by affidavit. The trial court therefore did not err in admitting the notes in evidence without proof of their execution.

We find no error in the other rulings of the trial court on questions of evidence or instructions, and the judgment is affirmed.

*Affirmed.*